**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**CINCINNATI, OHIO**

**PATIENCE A. ISAACS**                          CASE NO.  **1:17-cv-00058**
1419 Young Street
Middletown, Ohio 45044

       Plaintiff,

   -vs-

**KOHL'S DEPARTMENT STORES, INC, -0870**
**an Ohio Corporation**
c/o Corporate Creations Networks Inc.
119 East Court Street
Cincinnati, Ohio 45202

**KOHL'S DEPARTMENT STORES INC. -0870**
**An Ohio corporation,**
3500 Salzman Road
Middletown, Ohio 45044

and

**Various JOHN DOES and JANE DOES,**

       Defendants.

---

**VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

---

**<u>NATURE OF ACTION</u>**

1. Plaintiff Patience A. Isaacs, a 36-year old female, brings this employment

   discrimination action against Kohl's Department Stores, Inc., a foreign corporation

   doing business in Ohio and various John Does and Jane Does, who were/are

   employees of Kohl's Department Stores, Inc. under 47 U.S.C. §1981a, 42 U.S.C.

§2000e, et seq., 29 U.S.C. §621, et seq., and Ohio Revised Code §4122, et seq., based upon Defendants' discriminatory treatment of plaintiff because of her sex and disability creating a hostile work environment.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 47 U.S.C. §1981a, 42 U.S.C. §2000e, et seq., 29 U.S.C. §626. This court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue lies in this district. The practices complained of herein were committed within the Southern District of Ohio, Western Division.

## PARTIES

4. Plaintiff Patience A. Isaacs is 36-year old female and a citizen of the United States and is a resident of the County of Butler, State of Ohio.

5. Defendant Kohl's Department Stores, Inc. is, and at all times mentioned in this complaint was, a foreign corporation doing business in the State of Ohio, with its statutory agent as Corporate Creations Network, Inc., 119 East Court Street, Cincinnati, Ohio 45202. Defendant Kohl's Department Store, Inc. operates a merchandising facility at 3500 Salzman, City of Middletown, County of Butler, State of Ohio 45044. At all times material herein, Defendant Kohl's Department Stores, Inc. does employ more than 20 persons and has been an employer in an industry affecting commerce within the meaning of 42 U.S.C. §2000e(b), (g) and (h), 29 U.S.C. §630.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named in this complaint as various John Does and Jane Does, inclusive,

2

are unknown to plaintiff at this time.  Plaintiff sues those defendants by those fictitious names and will amend this complaint to show the true names and capacities when they have been determined.  Plaintiff is informed and believes, and based on that information and belief alleges, that the defendants named as various John Does I and Jane Does are responsible for the injuries and damages alleged in this complaint to the same extent as the named defendants.

## ADMINISTRATIVE COMPLIANCE

7.  On or about June 16, 2016, and within 300 days of the occurrence of the acts of which are complained, plaintiff filed charges of employment discrimination against Kohl's Department Stores, Inc., all affiliated companies with the Ohio Civil Rights Commission (OCRC).  A copy of the Notice is attached hereto as Exhibit A and incorporated herein by reference.

8.  On or about October 29, 2016, plaintiff received a "Notice of Suit Rights" from the EEOC.  Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

## BACKGROUND

9.  Plaintiff Patienance Ann Isaacs was hired by Defendants Kohl's Department Stores, Inc. in 2016.

10. During the course of employment, Plaintiff Isaacs was a laborer under the direction of the chief executive officer of the companies and the plant operations manager.

11. On or about June 1, 2016, Plaintiff Isaacs observed a male employee of defendants unknowingly and without warning demand that he receive prescription pain medication from a fellow employee, to which plaintiff objected as being an illegal

act, whereupon said employee demanded that plaintiff not report this conduct; plaintiff subsequently did report the conduct of defendant employer but was rebuked.

12. Plaintiff Isaacs has an ovarian cyst that requires that she not lift any weight over fifteen (15 lbs.) pounds.

13. Plaintiff had provided a doctor's order that she not lift weight over fifteen (15lbs) pounds, but was informed that the employer did not accept said order.

14. Plaintiff was informed that she would not receive an accommodation for her disability including light duty or any work restrictions.

15. When Plaintiff Isaacs informed management of the issue of her being required to provide her pain medications to her supervisor, she was informed that there would be no retaliation to her for reporting the same.

16. Plaintiff was temporarily placed in another department because of the reported harassment.  While this accommodation was by reason of the harassment, plaintiff was penalized while the harasser continued the conduct;

17. Plaintiff was denied the opportunity to return to her original department which she continued to request.

18. Plaintiff heard from other employees that there were naked pictures of her being passed around the plant by John Halsteald, which caused her great embarrassment.

19. Plaintiff complained to the Human Resources office that the harassment was continuing, which caused her to miss work to avoid the same.

20. At all times relevant, the employer did not take any action to stop, cease or control the harassing conduct towards Plaintiff, which caused her to be discharged.

4

21. Defendants did nothing to remedy the situation and failed to provide plaintiff with proper protection from further sexual harassment and hostile work environment in her position.

22. Plaintiff has suffered loss of income, embarrassment, humiliation and intimidation, along with a loss of confidence in her ability to perform work.

## FIRST CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

23. Plaintiff re-alleges the allegations contained in paragraphs 1 through 22 as if fully rewritten.

24. Plaintiff suffered from a debilitating disability which was ignored by Defendant's negligent handling of the request for light duty therefore worsening her disability, resulting in the Plaintiff not being able to perform work related duties and also hampered her ability to recover successfully of injury.

25. Defendant knew that Plaintiff was suffering from a debilitating disability.

26. Defendant could have made reasonable accommodations for the Plaintiff to continue employment.

27. Defendant terminated Plaintiff's employment knowing that Plaintiff suffered from this disability.

## SECOND CAUSE OF ACTION
### (Wrongful Termination—State Law Claim)

28. Plaintiff re-alleges the allegations contained in paragraphs 1 through 27 as if fully rewritten.

29. Under certain situations, terminating a person's employment because of a disability that was sustained is a violation of the Americans with Disabilities Act of 1990.

30. Dismissing an employee in a similar situation as the Plaintiff would jeopardize public policy.

31. The termination of Plaintiff's employment was a result of Defendant Kohls Department Stores Inc. not wanting to employ an individual who would not be able to do secondary duties outside the scope of Plaintiff's employment.

32. The Defendant Kohls Department Store, Inc. lacked legitimate reasons for terminating Plaintiff's employment, the Plaintiff was able to perform all elements of her position that are peculiar to her position.

## THIRD CAUSE OF ACTION
### (Infliction of Emotional Distress—State Law Claim)

33. Plaintiff re-alleges the allegations contained in paragraphs 1 through 32 as if fully rewritten.

34. Defendant Kohls Department Stores Inc. knew, or should have known that its actions, mainly terminating Plaintiff's employment, would cause emotional distress.

35. Defendant's conduct was negligent, extreme and outrageous considering that Plaintiff could have continued working for the Defendant in a limited capacity.  Plaintiff was further hurt while in the performance of her employment; Defendant terminated her employment once it became knowledge that Plaintiff would not be able to perform ancillary duties fully while recovering from her injuries.

36. Plaintiff has suffered financial losses, resulting in mental anguish.  Plaintiff has been unable to find other similar gainful employment as a result of being impaired by this work related injury.

37. Defendants knew, or should have known, that it was placing Plaintiff in difficult financial situation upon her termination. Defendant knew, or should have known, that the Plaintiff would not be able to find employment by reason of the disability.

38. Such conduct by the Defendant was outside the bounds of decency and can be considered extreme and outrageous, intolerable in a civilized community.

## FOURTH CAUSE OF ACTION
### (§§501, 504, Rehabilitation Act of 1973)

39. Plaintiff re-alleges the allegations contained in paragraphs 1 through 38 as if fully rewritten.

40. Plaintiff is not required to exhaust her Title VII remedies under Section 504 of the Rehabilitation Act.

41. Plaintiff has a private cause of action under Sections 501 and 504 of the Rehabilitation Act of 1973, as amended.

42. Defendant is required under Section 501 of the Rehabilitation Act to take affirmative steps to insure that individuals with disabilities have equal access to employment opportunities.

43. Defendant placed plaintiff in an employment position that was not to accommodate plaintiff's physical disability.

44. Defendant knew that plaintiff had this disability, but refused to offer employment that would accommodate this disability.

45. Plaintiff is a person with a disability defined by the Rehabilitation Act of 1973.

46. Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified employee, solely on the basis of his disability violates Section 501 of the Rehabilitation Act, 29 U.S.C. §791.

47. Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified, solely on the basis of his disability, violates Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

WHEREFORE, Plaintiff Isaacs respectfully demands the following relief:

(A) An award against Defendants for damages sustained by Plaintiff in the first, second, third, and fourth causes of action, along with interest, attorney fees, and costs therein;

(B) An award against Defendant Kohls Department Stores Inc. for actual, punitive, exemplary, and consequential damages in the amount greater than $75,000.

(C) Such other and further relief as to which this Court may deem just and proper.


Respectfully Submitted,

F. HARRISON GREEN CO., L.P.A.


　　　　/s/ *F. Harrison Green*
F. Harrison Green
Attorney for Plaintiff, Patience A. Isaacs
Ohio Supreme Court Reg. #0039234
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
Email: fhgreen@fuse.net

## **JURY DEMAND**

It is hereby demanded by Plaintiff Patience A. Isaacs that the above matter by tried before a jury of her peers.

_____/s/ *F. Harrison Green*_____
F. Harrison Green
Attorney for Plaintiff

## **VERIFICATION**

STATE OF OHIO       }
                    } SS:
COUNTY OF HAMILTON  }

      I, PATIENCE A. ISAACS, have read the foregoing Complaint against KOHLS

DEPARTMENT STORES INC. I hereby certify that the above stated facts are true and accurate

to the best of my knowledge.

PATIENCE A. ISAACS

Sworn to and Subscribed
Before me this the 23rd day
Of January 2017

Notary Public

**LISA S. KETTLEHAKE**
Notary Public, State of Ohio
My Commission Expires
April 26, 2019

10